WILLIAMS, Judge.
This is an appeal from a decision by the trial court awarding plaintiff, The City of New Orleans [“City”] injunctive relief.
The City sued The Civil Service Commission [“Commission”] and its director, John Belsom, alleging that the Commission had effected a change in the Civil Service program that required approval by the City Council of New Orleans [“Council”], and that this approval had not been obtained. The City petitioned for injunctive relief to prevent the Commission from enforcing these changes. The Commission argued that the changes were in nomenclature only and did not affect any type of pay plan nor had a budget purpose.
The Commission is empowered with broad and general rule-making powers. La. Const. Art. X, 10 (1974); La.R.S. 33:2400, et seq. If, however, a rule affects wages or hours it must be approved by the Council. See Civil Service Commission Rules, Rule IV, Section 1.2; Home Rule Charter of City of New Orleans, Article 3, Section 3-118.
The change complained of by the City was the re-classification of employees in what had been the Administrative Analyst Series to a newly created series, the Management Analyst Series. A new job specification was created for the Management Analyst Series, which was different from the Administrative Analyst Series. In four instances, there was a change in salary for employees who were changed from the Administrative Analyst Series to the Management Analyst Series.
The City has argued that based on the testimony presented at the trial below, it is clear that the decision to re-classify the employees was caused by concern that federal funding for the positions might disappear, and these employees would be terminated. This is disputed by the Commission. Although only four of the positions that were re-classified received a different pay plan, the Constitution clearly mandates that approval by the council was required for the change.
We point out that simply changing the name of the positions does not appear to have been enough to require Council approval; neither would the changing of the job classification requirements. Because, however, some employees would receive different compensation under the new plan, the decision of the trial court enjoining the Commission from promulgating these rules was correct.
For the foregoing reasons, the decision of the trial court is AFFIRMED.
AFFIRMED.